856 F.2d 201
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ALLIANCE OIL AND REFINING COMPANY, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1143.
 United States Court of Appeals, Federal Circuit.
 Aug. 11, 1988.
 
 Before RICH, DAVIS* and NIES, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Alliance Oil and Refining Company (Alliance) seeks reversal of a summary judgment of the Claims Court dismissing Alliance's contract claims against the government on grounds that the claims are barred by a release executed by Alliance. The decision of the trial court is affirmed.
 
 OPINION
 
 2
 In 1985 Alliance entered into a contract with the United States Department of Energy (DOE) to purchase crude oil from the Naval Petroleum Reserve. A dispute arose concerning the quantity and price of certain additional purchases that Alliance was obligated to make, and Alliance submitted protests to the contracting officer. The contracting officer denied Alliance's protests in a letter that was received by Alliance on April 9, 1986. The letter stated:
 
 
 3
 Under clause "H.006, Disputes," the parties have agreed that the contract is subject to the Contract Disputes Act of 1978 (41 U.S.C. Sec. 601 et seq.). Should you subsequently decide to pursue this matter the provisions of the dispute clause and the Contract Disputes Act must be complied with.
 
 
 4
 On March 31, 1986, while the protests were pending and before Alliance received the letter denying its claims, the contract expired. The DOE mailed a standard release form to Alliance, to be signed before the Government would release Alliance's letter of credit as provided for in the contract. The release form provided a space and instructions to list any claims which Alliance sought to preserve and not relinquish by the release. On April 11 the president of Alliance executed the release form without reserving any claims and returned it to DOE.
 
 
 5
 Alliance seeks to nullify the release and revive its claims. Alliance argues that it did not release the claims knowingly and voluntarily. It contends that the letter from the contracting officer did not advise Alliance of its rights to appeal the claim as required by the Contracts Dispute Act, which states that "[t]he decision shall state the reasons for the decision reached, and shall inform contractor of his rights as provided in this chapter." 41 USC 605(a). Alliance states that its president, who is not a lawyer, did not realize that he could appeal the denied claims and signed the release believing Alliance no longer had any claims to relinquish. Alliance argues that whether the release was signed knowingly and willingly is a disputed issue of material fact that should preclude summary judgment.
 
 
 6
 A contractor who executes an unconditional general release and fails to exercise his right to reserve claims is barred from maintaining a suit for damages or additional compensation under the contract based on events that occurred prior to the execution of the release. Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1391 (Fed.Cir.1987); Clark Mechanical Contractors, Inc. v. United States, 5 Cl.Ct. 84, 86 (1984); J.G. Watts Constr. Co. v. United States, 161 Ct.Cl. 801, 805 (1963). It is well settled that unilateral ignorance of one's legal rights does not relieve one of the consequences of executing a release, provided that the facts bearing on the existence of the injury are known when the release is executed. Watts, 161 Ct.Cl. at 810. The facts underlying Alliance's claims were known to Alliance when the release was executed. The release was not executed "knowingly" only in the sense that the officer who executed it did not know of Alliance's legal rights to appeal. Since the release is effective whether or not the president understood these legal rights, there is no disputed issue of material fact, and summary judgment was appropriate. The trial court properly determined that the circumstances of this case do not fit any of the limited exceptions where a claim can be considered despite the execution of a release.
 
 
 7
 Alliance received notice about its right to appeal the denial of its claim in the letter from the contracting officer referring Alliance to the Contracts Disputes Act. The reference to the Contracts Disputes Act in that letter was adequate legal notice to comply with the requirements of 41 USC 605(a). Alliance was also given notice of its rights to reserve disputed claims in both the release form and the Invitation for Bids (which was incorporated into the contract).
 
 
 8
 There is no merit in Alliance's excuse that the president of the firm was not a lawyer, and could not be expected to understand his legal rights to appeal from the reference to the Contract Disputes Act. A party contracting with the Government is expected to know the law. Alpena Sav. Bank v. United States, 8 Cl.Ct. 249, 252 (1985). A corporation engaged in a contract with the Government involving more than ten million dollars must be expected to be familiar with its legal rights and to seek legal counsel if it is not.
 
 
 
 *
 Judge Davis, who died on June 19, 1988, took no part in the decision